UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA PACHECO,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-06763-WHO<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 22, 23 |

Plaintiff Cecilia Pacheco moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found plaintiff not disabled and denied her application for benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. Dkt. No. 22. The Commissioner cross-moves to affirm. Dkt. No. 28. For the reasons stated below, I GRANT plaintiff's motion in part, DENY the Commissioner's motion, and REMAND this matter for further proceedings.

## BACKGROUND

Pacheco filed a claim seeking Supplemental Security Income benefits in January 2016, alleging a disability onset August 2015, as amended to January 2016. AR 325. Her application was denied after an initial hearing before an Administrative Law Judge ("ALJ"), but was remanded for further proceedings by the Appeals Council in June 2019. AR 148-149.

A second hearing before an ALJ was held in December 2019. At that hearing Pacheco testified that two months prior to the hearing she started volunteering with her church once a week, being transported by van between homeless encampments for four hours at a time. AR 38. She also testified that she was seeing her cardiologist once a week who was trying to keep her health "stable" but that she was undergoing monitoring and had had multiple tests. *Id*. at 41-42. She testified that she gets short of breath, has anxiety, has a tightening of her chest, and while she

cannot walk far, does walk a block to her church and "a block here" and a "block there," because her cardiologist told her it was good for her heart to walk. *Id*. at 45-49.

At the second hearing, a vocational expert ("VE") testified that in her past work Pacheco performed "semiskilled work at a sedentary level" as an "auction clerk," noting the job was "hybrid" because she also performed some tasks similar to an "auto transporter." AR 54-56. The VE concluded that Pacheco could perform her past work "as actually performed." *Id*. at 55. The VE also testified that Pacheco's past general clerical skills, from her work as an auction clerk and past work as an administrative assistant, would transfer with little vocational adjustment to additional "general office clerk" type jobs. *Id*. at 57.

On February 24, 2020, the ALJ issued an opinion finding Pacheco not disabled. As relevant here, the ALJ determined that plaintiff had a Residual Functional Capacity ("RFC") to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6 hours and sit for 6 hours in an 8-hour workday. She can push and pull as much as she can lift or carry. She can occasionally work at unprotected heights or around dangerous moving mechanical parts. She can occasionally operate a motor vehicle.

AR 21.

In reaching that RFC, the ALJ rejected limitations assessed by Pacheco's treating physician as "inconsistent with the relevant medical evidence of record, which show mild symptoms that are under control. There are no longitudinal treatment records from Dr. Ramesh that support the limitations and are contrary to claimant's own hearing testimony." AR 23. The ALJ found that plaintiff's "impairments adversely affect her ability to function to a degree. However, the claimant's course of treatment and diagnostic tests and examination results do not appear to be commensurate with the symptomology reported. For example, the claimant is also able to engage in some routine activities of daily living, albeit not without limitations," given her twice a month volunteering for "four hours at a time for her church going door to door (traveling by van)" and given that the "findings and examination results" from her medical tests were "generally mild, normal and/or unremarkable." *Id*.

Based on the VE's testimony, classifying "the claimant's past work as a composite job of

auction clerk [] and auto deliverer" the ALJ found "that the claimant is able to perform her past relevant work as actually performed. SSRs 00-4P, 82-61." *Id*. at 24. In the alternative, and considering the medical-vocational rule framework, the ALJ determined that "considering the claimant's age, education and transferable work skills, a finding of 'not disabled' is appropriate under the framework of Medical-Vocational Rule 202.15 and Rule 202.07," based on the VE's determination that someone of plaintiff's "same age, education, past relevant work experience, and residual functional capacity as the claimant, and including jobs that both require skills acquired in the claimant's past relevant work but no additional skills" plaintiff could perform various occupations. *Id*. at 25 (specifying the occupations of general office clerk, receptionist, bench assembler, cashier II, and housekeeping cleaner, but not identifying the specific transferrable skills).

Pacheco's request for further review by the Appeals Council was denied on August 4, 2020, AR 5, and Pacheco timely filed this case seeking review of the ALJ's February 2020 decision.

**LEGAL STANDARD**

Pursuant to 42 U.S.C. § 405(g), I have the authority to review a decision by the Commissioner denying a claimant disability benefits and may "set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).

Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, I must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, I "may not substitute [my own]

3

judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

# DISCUSSION

Pacheco argues that: (i) the ALJ improperly rejected the medical opinions and limitations imposed by Pacheco's treating physician, Dr. Japra Romesh, that recognized her deteriorating heart condition; (ii) the ALJ improperly discredited her subjective testimony; and (iii) the ALJ improperly assessed her RFC at step-four and failed to satisfy steps four and five because the ALJ did not identify her transferrable work skills as required given her past "composite" work. As a result of these errors, and under the Ninth Circuit's "credit-as-true" standard, Pacheco seeks remand for payment of benefits or, in the alternative, remand for further proceedings. Mot. at 17-18.

Addressing the first two arguments, Pacheco contends that the ALJ impermissibly rejected the opinions and limitations imposed by her treating physician Dr. Romesh, who opined that her heart disease (atherosclerotic heart disease with angina and hypertension) caused marked limitations on physical activity that were aggravated with stress and that as a result: Pacheco could lift and/or carry less than 10 pounds occasionally; she could sit, stand and/or walk for less than 2 hours in an 8-hour workday; she could never twist, stoop, and crouch; she could rarely climb ladders or stairs; and she would be absent for more than four days per month. AR 2496-2499.

The ALJ gave "little weight" to Dr. Romesh's opinions and limitations, finding the opinions and limitations:

> inconsistent with the relevant medical evidence of record, which show mild symptoms that are under control. There are no longitudinal treatment records from Dr. Ramesh that support the limitations and are contrary to claimant's own hearing testimony. For example, the claimant testified she volunteered for her church and goes door-to-door (traveling by van) discussing her religion for four hours at a time. She began doing this about two months before December 2019. This belies Dr. Ramesh's the finding that she can sit or stand less than 2 hour[s] in an 8-hour workday.

4

AR 23.

The Commissioner contends that the ALJ properly discounted Dr. Romesh's opinions because the medical evidence showed that Pacheco suffered only "mild" symptoms that were "under control," citing medical evidence regarding Pacheco's diagnosed cardiomyopathy and her echocardiograms from 2015 through 2018 finding "left ventricular systolic function with ejection fractions" that fell within "normal limits" of between 50 and 70%. Oppo. at 4-5 & n.4. The Commissioner also points out that the ALJ considered Pacheco's treatment notes from 2018 and 2019 that characterized her cardiomyopathy as "stable." *Id*. at 5.

However, the same records demonstrate that Pacheco's ejection fractions were falling consistently during that time, down to the bottom of the "normal" range (50%) by January 2018. The Commissioner argues that this downward trajectory is irrelevant as 50% is still considered within "normal limits" and inconsistent with the level of severity alleged by plaintiff. Oppo. at 7. He also notes that any decrease in functioning (and related increase in severity of symptoms) would be "inconsistent" with the fact that plaintiff alleges she has been disabled since January 2016 when her ejection fractions – and other tests – showed only mild symptoms. *Id*.

That Pacheco may not have been limited by her symptoms sufficient to be disabled in 2016 –despite her belief when applying for disability benefits – does not mean that she was not sufficiently limited by her symptoms as supported by medical tests from 2018 and 2019, when Dr. Romesh filled out the Medical Source Statement. The ALJ did not address plaintiff's worsening echocardiograms results as of 2018.

In addition to the medical evidence, the Commissioner argues that the ALJ appropriately rejected Dr. Romesh's limitations, particularly the limitation that plaintiff could not stand or walk more than 2 hours each per day, as inconsistent with plaintiff's recent volunteering. Oppo. at 5. During the December 2019 hearing, Pacheco explained that starting two months prior she volunteered once a week for about four hours, travelling by van and with breaks, between homeless encampments in order to encourage people to visit her church. Oppo. at 5. But the ALJ did not ask questions regarding how far Pacheco walked when visiting the homeless, how frequent the breaks were, or for how long she was sitting during the driving. The mere fact she did this

outreach once a week does not undermine – without more evidence regarding the type of effort required (*e.g.*, how much time she spend walking vs. standing vs. sitting in the van, and how far she walked during the volunteering) – Pacheco's consistent testimony that she can only walk a block or so (that is likewise consistent with Dr. Romesh's opinion) or Romesh's opinion that she cannot sit or stand "for more" than two hours in a workday.

The ALJ improperly discounted Pacheco's subjective testimony about the symptoms caused by her conditions (shortness of breath, chest tightness, swearing, heart palpitations) for similar reasons. While the medical evidence, as noted, generally described her heart conditions as stable, there was evidence of worsening conditions that was not addressed by the ALJ.

The ALJ's discounting of Pacheco's subjective testimony and her treating physician's limitations was in error. The ALJ's determination is not otherwise based on substantial evidence. While Pacheco argues that I should credit Dr. Romesh's opinions under the Ninth Circuit's credit-as-true test and remand for payment of benefits,[1] I find that further proceedings would be useful to allow the ALJ to address in the first instance whether the worsening conditions supported Dr. Romesh's limitations and, if so, whether plaintiff became disabled only as of a certain date.

Given this conclusion, I need not consider plaintiff's step-four and step-five arguments.[2]

## CONCLUSION

Pacheco's motion is GRANTED in part, defendant's motion is DENIED, and the matter is

---

[1] Under the credit-as-true rule, I may remand for an award of benefits if: (i) the record has been fully developed and further administrative proceedings could serve no useful purpose; (ii) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, whether claimant testimony or medical opinion; and (iii) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). When these three conditions are met, I have the discretion to award benefits unless "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

[2] I do note the merit of plaintiff's argument that where an ALJ relies on "transferrable skills" from prior employment, the ALJ must identify those skills and make "specific findings on transferable skills" in the written opinion "even where the ALJ relies on the testimony of a VE." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

1 | REMANDED for further proceedings.

**IT IS SO ORDERED.**

Dated: September 23, 2022



William H. Orrick
United States District Judge